# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| PETE LONGORIA, ID # 1634152, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:10-CV-1829-G-BH |
| | ) | |
| SERGEANT LOPEZ, et al, | ) | |
|     Defendant. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3-251, this case has been referred for pretrial management.

## I. BACKGROUND

On September 14, 2010, Plaintiff filed this action against Sergeant Lopez of the Dallas Sheriff's Department and Dr. Muhammed of Parkland Hospital under 42 U.S.C. § 1983 for allegedly violating his civil rights after Plaintiff slipped and fell while incarcerated at the Dallas County jail on April 27, 2009. (Compl. at 3-4; Memorandum at 2). He claims that Sergeant Lopez tried to cover up the accident by falsely writing in a report that Plaintiff had fallen off his bunk when Plaintiff had actually slipped and fallen on water coming in from a broken window. (Compl. at 4.) Dr. Muhammed allegedly left Plaintiff in the infirmary without medication and without having him examined by the proper specialists after the accident. *Id.*

Plaintiff filed a prior lawsuit asserting the same or similar claims against these two defendants, as well as others. The claims against the defendants in this suit were dismissed under 28 U.S.C. § 1915(e)(2)(B) because the Court found that Plaintiff's allegations showed no deliberate indifference on the part of the defendants. *See Longoria v. Dallas County Sheriff's Dept. et al*, No. 3:09-CV-1684-O, 2009 WL 4884157 (N.D. Tex. Dec. 16, 2009) (accepting recommendation of Mag. J.), *appeal dismissed*, No. 10-10016 (5th Cir. May 6, 2010). No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner in the Texas prison system who has been permitted to proceed *in forma pauperis* ("IFP"). As a prisoner seeking redress from a governmental entity or an officer or employee thereof, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b)(1) provide for *sua sponte* dismissal if the Court finds the complaint frivolous or malicious. A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts may also appropriately dismiss an *in forma pauperis* action as frivolous when it "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). In addition, the Fifth Circuit "has held that it is malicious for a pauper to file successive IFP suits that duplicate claims made in other pending or previous lawsuits." *Humphrey v. Luna*, 59 F.3d 1242, 1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)).

Plaintiff has already filed a case against these same defendants arising from the same set of facts and occurrences that has been dismissed. Because he seeks to relitigate his unsuccessful claims, this case is both frivolous under *Wilson* and 28 U.S.C. § 1915(e)(2)(B) and malicious.

## III. RECOMMENDATION

Plaintiff's complaint should be summarily **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The dismissal of the complaint will count as a "strike" or

"prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

**SIGNED this 18th day of September, 2010.**

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.